# United States District Court, Northern District of Illinois

MHW

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 7410 | **DATE** | 7/26/10 |
| **CASE TITLE** | GLORIA E. SWANSON v. HORSESHOE HAMMOND, LLC d/b/a HORSESHOE CASINO HAMMOND | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS Defendant Horseshoe Hammond's motion for summary judgment as to Plaintiff's malicious prosecution claim [54]. Status hearing is set for August 12, 2010 at 9:30 a.m.

■[ For further details see text below.]    Docketing to mail notice.

## STATEMENT

In July 2008, Defendant Horseshoe Hammond's security officer detained Plaintiff Gloria Swanson on its casino property, alleging that she was trespassing. Swanson was charged with criminal trespass, but the charges were later dismissed. Swanson brought this action, claiming malicious prosecution, a violation of her Fourth Amendment rights, and intentional infliction of emotional distress. Horseshoe now moves for summary judgment on her malicious prosecution claim. For the following reasons, the Court grants that motion.

The following facts are undisputed. In 2000, Swanson voluntarily excluded herself from the Empress Casinos in Joliet, Illinois and Hammond, Indiana. (Def. Rule 56.1(a)(3) Statement (hereinafter "Def. St.") ¶ 7.) On August 24, 2002, she went to the Horseshoe Casino at the location of the former Empress Casino in Hammond and a Horseshoe security guard escorted her to the security office due to her self-exclusion. (Def. St. ¶9.) Horseshoe security informed Swanson that her self-exclusion from Empress was still being enforced by Horseshoe. (Def. St. ¶ 10.) On November 16, 2002, Swanson returned to the Horseshoe and Horseshoe security approached her once again. (Def. St. ¶ 11.) At that time, she voluntarily signed a notice of criminal trespass that stated that she had been evicted from the Horseshoe and that entering upon the premises of the Horseshoe would subject her "to arrest and prosecution for the offense of criminal trespass." (Def. St. ¶¶ 12-13.) The form also stated that Swanson could not enter the premises "unless and until this Notice of Criminal Trespass is rescinded in writing by the management [of] Horseshoe Casino Hammond." (Def. St. ¶ 14.)

On July 12, 2008, Swanson went to the Horseshoe again. (Def. St. ¶ 23.) A Horseshoe security officer

detained her while he produced her notice of criminal trespass and then informed her that she was under arrest. (Def. St. ¶¶ 24-26; Pl. Rule 56.1(b)(3)(C) Statement of Additional Facts (hereinafter "Pl. Add'l St.") ¶ 3.) As a result of the arrest, Swanson was charged with criminal trespass. (Def. St. ¶ 28.)

In order to prevail on a claim for malicious prosecution, a plaintiff must show: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) in so doing, the defendant acted with malice; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in favor of the victim of the malicious prosecution. *Glass v. Trump Ind., Inc.*, 802 N.E.2d 461, 466 (Ind. Ct. App. 2004). Thus, a finding of probable cause defeats such a claim. *Id.* at 468. A defendant has probable cause to institute or cause the institution of criminal proceedings "when a reasonable inquiry would induce a reasonably intelligent and prudent person to believe that the accused committed the crime charged." *Id.* at 466-67.

In this case, Horseshoe had in its possession a notice of criminal trespass signed by Swanson in which she acknowledged that if she entered the premises again, she would be subject to arrest and prosecution. Swanson argues that she disputed the validity of that form and attempted to have her right to enter the casino reinstated through various communications with Horseshoe. But, despite those efforts, the form clearly gave Horseshoe and its security officer reason to believe she had in fact committed criminal trespass. Thus, the Court finds that Horseshoe had probable cause to institute or cause the institution of criminal proceedings against Swanson and grants Horseshoe's motion for summary judgment as to her malicious prosecution claim.

Swanson makes a number of other arguments that the Court need not address because the matter is resolved on the finding of probable cause. For the sake of clarity, however, the Court disposes of a couple of Swanson's more prominent points. First, Swanson argues that because Horseshoe's security officer testified that he would not have used physical force to detain Swanson had she attempted to leave on July 12, 2008, he must not have believed he had probable cause to arrest her on the basis of the notice of criminal trespass. There are a number of problems with this argument. For one, Swanson does not actually dispute that the security officer arrested her, so it is puzzling that she finds so much significance in his comments that he would not have used physical force. Secondly, regardless of whether the officer arrested her or not, he clearly caused criminal proceedings to be instituted against her. (And if he had not, Swanson would have no basis for a malicious prosecution claim anyway.) Thus, the question is still whether the officer had probable cause to cause those proceedings to be instituted against her. As the Court noted above, he did have probable cause.

Second, Swanson makes much of the letters she wrote to Horseshoe and the high blood pressure she developed while she was detained and argues that Horseshoe improperly ignores these facts. Horseshoe does ignore these facts for the most part, but that is because they are irrelevant to the question before the Court. Regardless of whether Swanson believed that the notice of trespass was invalid or whether she wanted Horseshoe to change its tune, the company had a strong basis for believing that she had committed trespass when she re-entered the premises in 2008. Similarly, Swanson's illness does not detract from Defendant's probable cause to institute proceedings against her. Because probable cause is the dispositive issue here, the other facts presented by Swanson have no import.

The parties have not addressed Swanson's other claims in their briefs on this motion. Thus, those claims remain for the time being.

*Wm. J. Hibbler*