IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLORIA E. SWANSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 08 C 7410 ) ) The Honorable William J. Hibbler |
| HORSESHOE HAMMOND, LLC d/b/a HORSESHOE CASINO HAMMOND, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

In July 2008, Defendant Horseshoe Hammond's security officer detained Plaintiff Gloria Swanson on its casino property, alleging that she was trespassing. Defendant's security officer called the police and awaited the arrival of the local police, who arrested Swanson. Swanson was charged with criminal trespass, but the charges were later dismissed. Swanson brought this action, claiming malicious prosecution, a violation of her Fourth Amendment rights, and intentional infliction of emotional distress. The Court granted an earlier motion by Horseshoe on her malicious prosecution claim. Thereafter, the Court gave Swanson leave to amend her complaint to clarify her remaining causes of action. In her fourth amended complaint, Swanson sets forth claims that Horseshoe violated her constitutional rights by falsely arresting her and acting with deliberate indifference toward her medical needs while she was being detained. Horseshoe now moves to dismiss her amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants that motion.

1

## I. Standard of review

Motions to dismiss test the sufficiency, not the merits, of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss under federal notice pleading, a plaintiff must "provide the grounds of his entitlement to relief" by alleging "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal quotation marks, brackets, and citation omitted). Specific facts are not necessary. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). The Court treats well-pleaded allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Disability Rights Wisc., Inc. v. Walworth County Bd. Of Supervisors*, 522 F.3d 796, 799 (7th Cir. 2008).

## II. Analysis

Section 1983 provides citizens a right to bring a private cause of action for relief from a deprivation of constitutional rights. 42 U.S.C. § 1983. However, a plaintiff can only bring such a cause of action against someone acting under color of state law. *Id.* Here, Swanson attempts to sue a private entity, Horseshoe. Thus, she can only proceed if she adequately pleads that Horseshoe exercised government power when it detained her. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 628 (7th Cir. 1999). In *Payton*, the Seventh Circuit described the "two circumstances in which a private party will be held responsible as a state actor" as follows:

> The first is where the state effectively directs or controls the actions of the private party such that the state can be held responsible for the private party's decision…The second situation is when the state delegates a public function to a private entity.

*Id.* (citing *Wade v. Byles*, 83 F.3d 902, 904-05 (7th Cir. 1996). Swanson does not adequately allege the existence of either circumstance here. Instead, she simply argues that by detaining her

for criminal trespass[1] until the police arrived, Horseshoe essentially exercised a police power. However, the power to detain someone for criminal trespass pending the arrival of the police is not a power that has been exclusively reserved to the police. *Wade*, 83 F.3d at 906; *see also* Ind. Code § 35-33-1-4 (providing for citizens' arrests). Therefore, the fact that Horseshoe's security guard exercised such a power alone does not form the basis for a claim that he acted under color of state law, *Wade*, 83 F.3d at 906, let alone that Horseshoe as an entity should be held liable for his actions.

## *CONCLUSION*

For these reasons, the Court GRANTS Defendant's motions to dismiss.

IT IS SO ORDERED.

4/11/11
Dated

Hon. William J. Hibbler
United States District Court

---

[1] In its previous summary judgment order dismissing Swanson's malicious prosecution claim, the Court held that Horseshoe had probable cause to believe that Swanson committed criminal trespass.

3